UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ECSON CAIMITE,

                      Petitioner,                             05 CV 3324 (NG)(SMG)

  - against -

                                                                           ORDER

BRIAN FISCHER, Superintendent,

                      Respondent.
----------------------------------------------------------x

**GERSHON, United States District Judge:**

        Petitioner requests this court to stay and hold in abeyance his petition for a writ of habeas corpus pending state court proceedings on his unexhausted ineffective assistance of counsel claim. Until recently, stays of the sort that petitioner seeks were routinely granted in this Circuit pursuant to *Zarvela v. Artuz*, 254 F.3d 374 (2d Cir. 2001). However, the Supreme Court has recently imposed new restrictions with respect to the stay-and-abeyance procedure. *See Rhines v. Weber* __ U.S. __, 125 S. Ct. 1528 (2005). In *Rhines*, the Court held that, while district courts have discretion to grant stays, "stay and abeyance should be available only in limited circumstances." *Id.*, 125 S. Ct. at 1535. Specifically, the Court held that "stay and abeyance is only appropriate" when: (1) the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court; and (2) the unexhausted claims are not "plainly meritless." *Id.*

        Petitioner's letters, dated September 26 and December 23, 2005, do not demonstrate or even allege "good cause" for failing to exhaust his ineffective assistance of counsel claim in state court. Moreover, petitioner's submissions provide no details concerning the factual or legal basis for petitioner's claim. Without this information, the court cannot grant a stay and abeyance or determine whether petitioner's unexhausted claim has any merit. Therefore, petitioner's request is denied without prejudice to re-filing a similar request by March 1, 2006, together with a showing: (1) of good cause for failure to exhaust his effective assistance of counsel claim; and

(2) that the new claim is not plainly meritless.

                                            **SO ORDERED**

                                          _____/s/_____
                                          **NINA GERSHON**
                                          **United States District Judge**

**Dated:   January 18, 2006**
          **Brooklyn, New York**